UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WASH DEPOT HOLDINGS, INC, a Delaware corporation, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Sip Soumah, a Minnesota resident d/b/a SPARKLING IMAGE DETAIL, | |
| Defendant. | |

For its Complaint against Defendant Sip Soumah d/b/a Sparkling Image Detail, Plaintiff Wash Depot Holdings, Inc. states as follows:

## NATURE OF THE ACTION

1.     This is a civil action for Federal Trademark Infringement under 15 U.S.C. § 1114, False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125, Federal Trademark Dilution under 15 U.S.C. § 1125(c), trademark infringement under Minnesota common law, trademark dilution under Minn. Stat. § 333.285, and Deceptive Trade Practices under Minn. Stat. §§ 325D.44-45.  Plaintiff, Wash Depot Holdings, Inc. ("Wash Depot") seeks both injunctive and monetary relief as a result of Defendant's knowing and willful violation of Wash Depot's trademark rights, including its rights to its Sparkling Image marks, which are the subject of eight U.S. Federal Trademark Registrations.

## PARTIES

2.     Plaintiff, Wash Depot, is a Delaware Corporation, organized and existing under the laws of the State of Delaware, having its principal place of business at 2400 East

Commercial Boulevard, Suite 901, Fort Lauderdale, Florida 33308.  Wash Depot is a national, privately owned company that operates full-service car washes.

3.      Defendant, Sip Soumah, an individual doing business as Sparkling Image Detail ("Sparkling Image") is, based on information and belief, a resident of Minnesota, with a place of business at 699 Snelling Avenue North, St. Paul, Minnesota 55104-1843.

## JURISDICTION AND VENUE

4.      This action arises under the Federal Trademark Act (Lanham Act), 15 U.S.C. § 1051 et seq., and Minnesota common and statutory law.

5.      Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331, § 1338(a) and § 1338(b).

6.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are substantially related to Plaintiff's federal Lanham Act claims.

7.      This Court has personal jurisdiction over Defendant (believed to be a Minnesota resident) and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

8.      Plaintiff, Wash Depot, is the owner of United States Service Mark Registration No. 3,324,615 for SPARKLING IMAGE CAR WASH for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car wash, self-service car wash services and self-service automobile interior automobile care services, in Class 37 (the "'615

Mark"). The '615 Mark is a standard character trademark. A true copy of the Certificate of Registration for the '615 Mark is attached hereto as Exhibit A. The federal registration for the '615 Mark is valid and incontestable, and was granted in 2007.

9.     Plaintiff is also the owner of United States Service Mark Registration No. 4,534,306 for SPARKLING IMAGE CAR WASH for retail convenience stores; retail store services featuring convenience store items and gasoline; gas stations, namely retail gasoline supply services; gas station services, namely, retail gasoline supply services, in Class 35; for automobile service station services; automobile lubrication; automobile repair and maintenance; automobile oil change centers, in Class 37; and for restaurant services; café services, in Class 43 (the "'306 Mark"). The '306 Mark is a standard character trademark. A true copy of the Certificate of Registration for the '306 Mark is attached hereto as Exhibit B. The federal registration for the '306 Mark is valid and incontestable, and was granted in 2014.

10.     Plaintiff is also the owner of United States Service Mark Registration No. 3,339,939 for SPARKLING IMAGE CAR WASH (and design) for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car wash, self-service car wash services and self-service automobile interior automobile care services, in Class 37 (the "'939 Mark"). The '939 Mark is a design trademark. A true copy of the Certificate of Registration for the '939 Mark is attached hereto as Exhibit C. The federal registration for the '939 Mark is valid and incontestable, and was granted in 2007.

11.     Plaintiff is also the owner of United States Service Mark Registration No. 3,984,151 for SPARKLING IMAGE CAR WASH (and design) for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car wash, self-service car wash services and self-service automobile interior automobile care services, in Class 37 (the "'151 Mark"). The '151 Mark is a design trademark. A true copy of the Certificate of Registration for the '151 Mark is attached hereto as Exhibit D. The federal registration for the '151 Mark is valid and incontestable, and was granted in 2011.

12.     Plaintiff is also the owner of United States Service Mark Registration No. 5,883,467 for SPARKLING IMAGE DETAIL CENTER for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car wash, self-service car wash services and self-service automobile interior automobile care services, in Class 37 (the "'467 Mark"). The '467 Mark is a standard character trademark. A true copy of the Certificate of Registration for the '467 Mark is attached hereto as Exhibit E. The federal registration for the '467 Mark is valid and was granted in 2019.

13.     Plaintiff is also the owner of United States Service Mark Registration No. 5,883,472 for SPARKLING IMAGE DETAIL CENTER (and design) for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car wash, self-service car wash services, and self-service automobile interior automobile care services, in Class 37 (the "'472 Mark"). The '472 Mark is a design trademark. A true copy of the Certificate of

4

Registration for the '472 Mark is attached hereto as Exhibit F.  The federal registration for the '472 Mark is valid and was granted in 2019.

14.     Plaintiff is also the owner of United States Service Mark Registration No. 6,741,217 for SPARKLING IMAGE EXPRESS CAR WASH for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car washing services, self-service car wash services and self-service automobile interior cleaning, detailing, and reconditioning services, in Class 37 (the "'217 Mark").  The '217 Mark is a standard character trademark. A true copy of the Certificate of Registration for the '217 Mark is attached hereto as Exhibit G.  The federal registration for the '217 Mark is valid and was granted in 2022.

15.     Plaintiff is also the owner of United States Service Mark Registration No. 6,741,219 for SPARKLING IMAGE EXPRESS CAR WASH (and design) for car washing services, automobile detailing services, automobile polishing, automobile cleaning services, automated car washing services, hand car washing services, self-service car wash services and self-service automobile interior automobile cleaning, detailing, and reconditioning services, in Class 37 (the "'219 Mark").   The '219 Mark is a design trademark.  A true copy of the Certificate of Registration for the '219 Mark is attached hereto as Exhibit H.  The federal registration for the '219 Mark is valid and was granted in 2022.

16.     Collectively the '615 Mark, the '306 Mark, the '939 Mark, the '151 Mark, the '467 Mark, the '472 Mark, the '217 Mark and the '219 Mark are hereinafter referred to as the "Wash Depot Marks."

17.    The registrations of the above Wash Depot Marks constitute *prima facie* evidence of their validity and conclusive evidence of Plaintiff's exclusive right to use the Marks in commerce in connection with the services named therein, and commercially related goods and services.

18.    Plaintiff has used the '615 and '939 Marks since on or about 1998, the '151 Mark since 2010, the '306 Mark since 2012, and the four newer Marks since 2019 or 2022 in connection with and to identify, in part, its car washing services and to distinguish its services from similar services offered by others, by, and without limitation, prominently displaying its Wash Depot Marks on advertising and promotional materials, e.g., coupons, flyers, and savings cards, distributed throughout the United States.  Plaintiff further displays its Wash Depot Marks on its websites, including <sparkingimage.com>; <CleanCarFeeling.com>,                <Mobil1LubeExpress.SparklingImage.com>, <SparklingImage.biz>,            <SparklingImage.co>,          <SparklingImage.info>, <SparklingImage.org>,                        <SparklingImageCarWash.com>, <SparklingImageCarWashes.com>,                    <SparklingImageWash.com>, <UnlimitedWashing.com>, and <WashDepot.com>, which also offers car washing and detailing services for sale to the trade and to the general public.  Plaintiff further displays its Wash Depot Marks in connection with sales and services that it offers to the public through third-party websites including Facebook, Instagram, and LinkedIn.  Plaintiff's services sold under the Marks are provided nationwide in seven states.  Plaintiff currently operates 46 car washes, most with detail centers, 16 oil change centers, and five gas stations.  Plaintiff has been in business under its current name since 1996.

19.     Each relevant Wash Depot Car Wash Mark is reproduced below:

'615 Mark (Ex. A, Standard Character)      '306 Mark (Ex. B, Standard Character)

| Sparkling Image Car Wash | SPARKLING IMAGE CAR WASH |
|---|---|

'467 Mark (Ex. E, Standard Character)      '217 Mark (Ex. G, Standard Character)

| SPARKLING IMAGE DETAIL CENTER | Sparkling Image Express Car Wash |
|---|---|

'939 Mark (Ex. C, Design)                    '151 Mark (Ex. D, Design)





'472 Mark (Ex. F, Design)                    '219 Mark (Ex. H, Design)



7

20.     On information and belief, the Defendant operates an automobile detailing service at 699 Snelling Avenue North, St. Paul, Minnesota 55104-1843 (as well as at 511 Smith Ave. S., St. Paul, Minnesota 55107) under the d/b/a Sparkling Image Detail.  In the course of operating his business, the Defendant has and continues to use the mark "Sparkling Image" and "Sparkling Image Detail" in violation of Plaintiff's trademark rights.   Defendant infringes on Plaintiff's marks at his locations and on his website <sparklingimagedetail.com>.  True and accurate screenshots from the Defendant's website are reproduced below:







21.     On or about March 13, 2024, Defendant was first advised of Plaintiff's

trademark rights, and Plaintiff has had no responsive communication from Defendant.

### CAUSES OF ACTION

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

22.     Plaintiff hereby re-alleges and incorporates by reference the allegations in

the preceding paragraphs.

9

23.     Defendant has violated Plaintiff's exclusive rights to use its Wash Depot Marks by adopting and using the marks including, without limitation, "Sparkling Image," "Sparkling Image Detail," and related designs and logos in commerce, that are identical or confusingly similar to Plaintiff's marks.  Specifically, the Defendant is and has displayed the marks on the website <sparklingimagedetail.com> and, on information and belief, at 699 Snelling Avenue North, St. Paul, Minnesota 55104-1843.

24.     Defendant's use of Plaintiff's marks, without consent and after a demand to cease-and-desist, in connection with the sale and offering for sale of its car wash services, is likely to cause confusion, deception, or mistake with regard to the source or affiliation of Defendant's services.

25.     Defendant's acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

26.     Defendant's conduct and actions are intentional, willful, and in bad faith, notably, specifically, and at minimum after receiving notice of infringement on or about March 13, 2024.

27.     The above actions and conduct of Defendant has caused, and is causing, great injury, irreparable harm and damage to Plaintiff, and unless permanently enjoined by this Court, the irreparable injury will continue.

28.     Defendant has violated the exclusive rights of Plaintiff to its use of the registered Wash Depot Marks and are liable in a civil action under 15 U.S.C. § 1114.

29.     On information and belief, Defendant's use of the Wash Depot Marks in imitation of Plaintiffs marks with the intention to benefit from the association with the

Plaintiff's business, and such use was intended to cause, and has caused, confusion, mistake, or has deceived potential customers, or Defendant has otherwise improperly benefitted and will continue to benefit from the goodwill associated with the Plaintiff's Wash Depot Marks.

30.     By reason of the above, the Defendant is in violation of 15 U.S.C. § 1114(1), and the Plaintiff is entitled to injunctive relief, and to recover profits, damages, multiple damages, and costs and fees from Defendant.

## COUNT II – FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

31.     Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

32.     On information and belief, Defendant has used the marks "Sparkling Image," "Sparkling Image Detail," and related designs and logos and others in commerce, including interstate commerce.  Under 15 U.S.C. § 1125(a), the use of such marks in connection with Defendant's detailing services and goods is a false designation of origin, and a false or misleading representation of affiliation or association, which is likely to cause confusion, mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiff.

33.     Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business,

reputation and goodwill with respect to its Wash Depot Marks.  Plaintiff has no further adequate remedy at law.  Accordingly, Plaintiff is entitled to injunctive relief.

## COUNT III – FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

34.     Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

35.     Plaintiff's Wash Depot Marks are distinctive and well-known.  The Wash Depot Marks are inherently strong and distinctive, have long been used in connection with the goods and service in connection with which they are used by Plaintiff, have long been the subject of substantial advertising and promotion, have been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use, are each registered on the Principal Register.  Four of the eight registrations are incontestable.

36.     Defendant has made commercial use of Plaintiff's marks in connection with services and goods that Defendant has offered and sold in commerce, including interstate commerce.  Defendant's acts are in violation of 15 U.S.C. § 1125(c) in that they have caused dilution of the distinctive quality of Plaintiff's marks, all to the irreparable injury to and damage of Plaintiff.  These acts of Defendant were commenced and committed from a time after Plaintiff's marks became well-known.

37.     Defendant's acts have lessened the capacity of Plaintiff's marks to identify and distinguish the goods and services of Plaintiff.  Defendant's acts have blurred the

unique association that exists between Plaintiff's marks, and goods and services provided by Plaintiff.

38.     On information and belief, Defendant committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiff, and to cause dilution of Plaintiff's well-known marks.

## COUNT IV – FEDERAL TRADEMARK CYBERPIRACY
### (15 U.S.C. § 1125(d))

39.     Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

40.     On information and belief, the Defendant registered and maintains the website domain <sparklingimagedetail.com> for detailing goods and services.

41.     On information and belief, the Defendant registered and maintains the website domain <sparklingimagedetail.com> in bad faith with the intention to profit from such registration.

42.     At least by the date of registration of the domain <sparklingimagedetail.com>, Plaintiff's above marks had become distinctive and well known, and the domain <sparklingimagedetail.com> is identical to or confusingly similar to, Plaintiff's Wash Depot Marks and Plaintiff's website; <sparkingimage.com>.

43.     On information and belief, Defendant committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiff, and to cause a diversion of sales and commercial activity away from Plaintiff and to Defendant.

44.     By reason of the above, Defendant is in violation of 15 U.S.C. § 1125(d), and the domain <sparklingimagedetail.com> must be forfeited or cancelled.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

45.      Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

46.     Plaintiff has used the Wash Depo Marks in commerce since at least 1998. The relevant consuming market of the United States widely recognizes the Wash Depo Marks as distinctive and as a designation of source.

47.     Defendant's unauthorized use of a confusingly similar mark is likely to cause confusion, mistake and deception by creating the false and misleading impression that the Defendant's mark is associated or connected with Plaintiff, or has the sponsorship, endorsement, or approval of Plaintiff.

48.     The aforesaid conduct constitutes trademark infringement under Minnesota common law.

49.     Defendant's conduct demonstrates a willful violation of Plaintiff's rights and an intent to trade on the goodwill associated with the Wash Depo Marks.

50.     Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury.  This injury includes a reduction in the distinctiveness of the Wash Depo Marks and injury to Plaintiff's reputation that cannot be remedied through damages.  Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

51.     Plaintiff is also entitled to recover, at a minimum, (i) Defendant's profits and (ii) Plaintiff's ascertainable damages.  In light of Defendant's willful infringement of the Wash Depo Marks without excuse or justification, Plaintiff is additionally entitled to punitive damages and reasonable attorneys' fees.

## COUNT VI – STATE TRADEMARK DILUTION
### (Minn. Stat. § 333.285)

52.     Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

53.     Plaintiff owns the Wash Depo Marks and has used them in the United States since at least 1998.  The relevant consuming market of the United States widely recognizes the Wash Depo Marks as distinctive and as a designation of source.

54.     Defendant's unauthorized use of an identical or substantially similar imitation of the Wash Depo Marks is likely to erode the public's exclusive identification of the marks and lessen the capacity of the marks to identify and distinguish Plaintiff's goods and services.

55.     Defendant's unauthorized use of an identical or substantially similar imitation of the Wash Depo Marks is also likely to tarnish and degrade consumers' positive quality associations with Plaintiff and the Wash Depo Marks.

56.     The aforesaid conduct constitutes trademark dilution in violation of Minnesota Statute § 333.285.

57.     Defendant's conduct demonstrates a willful violation of Plaintiff's rights and an intent to trade on the goodwill associated with the Wash Depo Marks.

58.    Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury.

59.    In light of Defendant's willful dilution of the Wash Depo Marks and without excuse or justification, Plaintiff is additionally entitled to (i) Defendant's profits; (ii) Plaintiff's ascertainable damages; (iii) punitive damages; and (iv) reasonable attorneys' fees.

### COUNT VII – MINNESOTA DECEPTIVE TRADE PRACTICES
### (Minn. Stat. §§ 325D.44, 325D.45)

60.    Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs.

61.    Wash Depot has used the Wash Depo Marks in commerce in the United States since at least 1998.  The relevant consuming market of the United States widely recognizes the Wash Depo Marks as a designation of source, sponsorship, approval, or certification of services and goods.

62.    Through the use of identical or confusingly similar marks, Defendant is knowingly and intentionally misrepresenting and falsely designating to the general public the origin, sponsorship, approval, affiliation, connection, and association of Defendant with Plaintiff, so as to create a likelihood of confusion among the public as to the origin, sponsorship, and approval of Plaintiff and the affiliation, connection, and association of Defendant with Plaintiff.

63.    Defendant's above acts constitute deceptive trade practices in violation of Minnesota Statute §§ 325D.44-45.

64.    Defendant's conduct demonstrates a willful violation of Plaintiff's rights and an intent to trade on the goodwill associated with the Wash Depo Marks.

65.    Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury.  This injury includes a reduction in the distinctiveness of the Wash Depo Marks and injury to Plaintiff's reputation that cannot be remedied through damages.  Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to Minn. Stat. § 325D.45.

66.    Pursuant to Minn. Stat. § 325D.45, Plaintiff is also entitled to recover its costs of suit.  Furthermore, Defendant's willful engagement in deceptive trade practices regarding the Wash Depo Marks entitled Plaintiff to its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief for the above Causes as follows:

1.    Enter judgment in Plaintiff's favor against Defendant on all counts of the Complaint.

2.    Enter a temporary, interlocutory, and/or permanent injunction restraining Defendant, his agents, servants, employees, successors and assigns and all others in concert and privy with them using the marks "Sparkling Image," "Sparkling Image Detail" and others, or any colorable similar variants thereof on or in connection with the offering of car wash and related services and goods; from infringement of U.S. Trademark Registration Nos. 3,324,615, 4,534,306, 3,339,939, 3,984,151, 5,883,467, 5,883,472,

6,741,217, 6,741,219; from unfairly competing with Plaintiff; from engaging in unfair and deceptive trade practices; and from injuring Plaintiff's business reputation, pursuant to 15 U.S.C. § 1116;

3.   Enter a temporary, interlocutory, and/or permanent injunction against Defendant to cease and desist from using any marks that include "sparkling image" or similar marks owned by Plaintiff;

4.   Enter a temporary, interlocutory, and permanent injunction against Defendant to cease and desist from using the website domain <sparklingimagedetail.com> in connection with car wash services, as well as any website domain that include "sparkling image" or similar marks owned by Plaintiff;

5.   Order that the domain <sparklingimagedetail.com> be forfeited or cancelled in accordance with 15 U.S.C. § 1125((d)(1)(c)) and transferred to Plaintiff;

6.   Order that the email address sparklingimage699@gmail.com be forfeited or cancelled in accordance with 15 U.S.C. § 1125((d)(1)(c));

7.   Order that the infringing marks be removed from all social media sites including, but not limited to, Facebook, Instagram, and LinkedIn.

8.   Award Plaintiff general and compensatory damages; actual damages; incidental, special, consequential, and exemplary damages; and damages for the unjust enrichment caused by Defendant's infringement;

9.   Require Defendant to account for and to pay to Plaintiff, all of Defendant's profits and all damages suffered by Plaintiff as a result of Defendant's acts,

together with interest, and that Plaintiff's recovery be trebled, pursuant to 15 U.S.C. § 1117;

10.     Order Defendant to surrender for destruction all labels, signs, advertisements, billboards, flyers, brochures, coupons, literature, nameplates, website addresses, and other material incorporating or reproducing the infringing marks, pursuant to 15 U.S.C. § 1118;

11.     Compel Defendant to compensate Plaintiff for corrective and responsive advertising;

12.     Order and compel Defendant to pay Plaintiff punitive damages in an amount to be determined by the Court;

13.     Award Plaintiff all costs in this action;

14.     Award Plaintiff all expenses incurred in this action, including reasonable attorneys' fees; and

15.     Award such other relief as the Court deems just and equitable.

**FAFINSKI MARK & JOHNSON, P.A.**

Dated: June 11, 2024                    By:  _s/ Patrick J. Rooney_
                                              Patrick J. Rooney (#0198274)
                                        One Southwest Crossing
                                        11095 Viking Drive, Suite 420
                                        Eden Prairie, MN 55344
                                        Phone (952) 995-9500
                                        *patrick.rooney@fmjlaw.com*

                                        *and*

                                        William E. Hilton (MA Bar #559515)
                                        (*pro hac vice admission pending*)
                                        GESMER UPDEGROVE LLP
                                        40 Broad Street
                                        Boston, MA 02109
                                        Phone (617) 350-6800
                                        *william.hilton@gesmer.com*

                                        **Counsel for Plaintiff Wash Depot Holdings, Inc.**