UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wash Depot Holdings, Inc., *a Delaware corporation*,<br><br>                    Plaintiff,<br>     v.<br><br>Sip Soumah, *a Minnesota resident d/b/a* Sparkling Image Detail,<br><br>                    Defendant. | Civ. No. 24-cv-2230 (PJS/DJF)<br><br><br>**ORDER** |

This matter is before the Court on *Plaintiff's Motion for Sanctions Against Defendant or in the Alternative, Motion to Compel Discovery Responses* ("Motion") (ECF No. 39). Plaintiff seeks sanctions against Defendant pursuant to Federal Rules of Civil Procedure 33 and 37, including a default judgement or, in the alternative, an order directing Defendant to respond to Plaintiff's discovery requests and requiring Defendant to pay Plaintiff's attorney's fees and costs in bringing this Motion. (*Id.*) Defendant did not respond to the Motion.

I.     **Background**

Plaintiff initiated this lawsuit on June 11, 2024, asserting claims against Defendant for federal and state trademark infringement and dilution and unfair and deceptive practices ("Complaint") (ECF No. 1). On July 1, 2024, Defendant filed a one-page, unsigned Answer, which denied all of Plaintiff's claims. (ECF No. 11.) Defendant refiled his Answer with a signature on July 25, 2024. (ECF No. 13.)

On July 9, 2024, the Court ordered the parties to file a Rule 26 Meeting Report ("Report") by July 31, 2024 (ECF No. 12). Defendant did not participate in preparing the Report. (ECF No. 16.) On August 7, 2025, the Court held a Pretrial Scheduling Conference and issued an Order

1

directing the parties to meet and confer regarding settlement and requiring each party to submit a confidential letter describing the discussions and that party's position regarding a settlement conference by November 7, 2024.  Defendant did not submit a letter.  On November 8, 2024, the Court again ordered the parties to meet and confer regarding settlement by January 7, 2025, and to submit a confidential letter by January 14, 2025 (ECF No. 26).  Defendant did not attend the meet and confer scheduled with Plaintiff and did not submit a confidential letter.

On January 15, 2025, the Court ordered Defendant to meet and confer with Plaintiff regarding settlement by January 22, 2025 and to submit a confidential letter by January 29, 2025, failing which the Court would schedule a mandatory, in-person status conference.  (ECF No. 27.)  The Court also warned Defendant that continued non-compliance with its Orders may result in sanctions.  (*Id.*)  Defendant again failed to meet and confer with Plaintiff and did not submit a confidential letter.  Consequently, the Court held a status conference on February 5, 2025, during which it discussed the Court's procedures and the mandatory nature of its directives to meet and confer regarding discovery disputes and settlement.  (ECF No. 29.)  The Court again ordered the parties to meet and confer regarding discovery and settlement by February 10, 2025, and to file a joint letter updating the Court on the meeting and the status of their settlement discussion by February 11, 2025 (ECF No. 30).  The parties timely filed a joint letter confirming they had met and conferred and stating that they were unable to reach a settlement agreement.  (ECF No. 31.)

On February 14, 2025, Plaintiff filed an Unopposed Motion to Amend the Scheduling Order on the ground that Defendant had failed to respond to its discovery requests, including Interrogatories and Requests for Production of Documents ("Discovery Requests"), which Plaintiff served on October 18, 2024—close to four months earlier.  (ECF No. 33.)  Plaintiff explained that on December 2, 2024, after Defendant failed to produce any discovery within the 30-day response

2

deadlines under the Rules, *see* Fed. R. Civ. P. 33 and 34, Plaintiff sent Defendant a discovery deficiency letter and requested that Defendant provide written responses to its Discovery Requests by December 9, 2024. (*Id.* at 2 ¶¶ 7-8.) Defendant did not respond to the deficiency letter. (*Id.* at 2 ¶ 9.) Plaintiff also detailed numerous attempts to meet and confer with Defendant, which Defendant either ignored or did not attend. (*Id.* at 2-3 ¶¶ 10-12.) Plaintiff's motion to amend the pretrial schedule stated that the parties finally met and conferred by telephone on February 10, 2025 in light of the Court's directives at the February 5 status conference. Based on the parties' meet and confer, Defendant agreed to extend the pretrial deadlines and Plaintiff provided Defendant with an extension until February 24, 2025 to respond to its discovery requests. (*Id*. at 3 ¶ 14.)

Plaintiff's Motion for sanctions asserts that Defendant has still not responded to Plaintiff's October 18, 2024 Discovery Requests. (ECF No. 41 at 1.) Plaintiff argues sanctions are appropriate because Defendant has flagrantly violated multiple court orders and failed to meaningfully engage in the litigation. (*Id.*)

I.      **Legal Standard**

The Court has very wide discretion in handling pretrial procedure and discovery. *See, e.g.*, *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) ("A district court has very wide discretion in handling pretrial discovery ….") (quoting *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014)); *Solutran, Inc. v. U.S. Bancorp*, No. 13-cv-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("Further, magistrate judges 'are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.'") (internal

quotation marks omitted) (quoting *Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2013 WL 6511851, at *3 n.3 (D. Minn. Dec. 12, 2013)).

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). But "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Further, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.") (quotation omitted).

Under Rule 37, when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested under Rule 34, the party seeking the discovery "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). When a court grants a motion to compel, the court must require the party whose conduct necessitated the motion "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the failure to comply "was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Rule 37 also permits the imposition of sanctions "[i]f a party … fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Permissible sanctions include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* The Court also possesses inherent authority to impose discovery sanctions. *In re Polaroid Corp.*, No. 08-46617, 2017 WL 1183983, at *7 (D. Minn. Mar. 29, 2017). Its inherent authority "is a broad and powerful tool" that "should be used sparingly," only after the Court has exhausted measures under existing rules, such as Rule 37. *Sentis Grp., Inc. v. Shell Oil Co*, 559 F.3d 888, 900 (8th Cir. 2009) (cleaned up). Sanctions should not be lightly imposed but are important tools to penalize and deter wrongdoers. *Universal Coops., Inc. v. Tribal Co-op. Mktg. Dev. Fed'n of India, Ltd.*, 45 F.3d 1194, 1196 (8th Cir. 1995) (cleaned up).

Default judgment is appropriate when the sanctioned party "has engaged in willful violations of court rules, contumacious conduct, or intentional delays." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir.2001). But default judgments are "not favored by the law" because there is a "judicial preference for adjudication on the merits." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (internal quotations omitted).

II.   **Analysis**

The Court agrees with Plaintiff that Defendant's repeated noncompliance with its Orders and failure to respond to Plaintiff's Discovery Requests has unacceptably hindered the litigation process and improperly wasted both Plaintiff's and the Court's time and resources. Defendant's

5

participation in this matter is not optional. While the Court cannot yet conclude that Defendant's actions satisfy the high bar necessary for default judgment, the Court finds that Plaintiff is well within its rights to compel discovery and that an award of Plaintiff's attorney fees and costs incurred in bringing the Motion is appropriate. Defendant has willfully chosen to ignore his discovery obligations. Defendant's failure to comply with Plaintiff's discovery requests is not substantially justified and no other circumstance makes an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).

Moreover, the Court notes that Defendant failed to respond to the Motion or proffer any explanation whatsoever for his failure to participate in the discovery process. In light of this failure, and the Court's own review of Plaintiff's Discovery Requests, the Court finds they are both relevant and proportional to the needs of the case. (*See* ECF No. 41 at 9-10 n.2-10, *id.* at 11-13.) The Discovery Requests are necessary to adequately support Plaintiff's claims and are appropriately tailored to the needs of the case without being unduly burdensome. Defendant's continuing failure to respond to the Discovery Requests or offer any meaningful explanation for his failure to do so is unacceptable.

The Court therefore orders Defendant to fully respond to Plaintiff's October 18, 2024 Discovery Requests by **May 9, 2025**, failing which the Court may reconsider whether default judgment is appropriate. Defendant shall also pay the reasonable costs and attorney fees Plaintiff incurred in bringing its Motion.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Sanctions Against Defendant or in the

Alternative, Motion to Compel Discovery Responses (ECF No. 39) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's request for default judgment is **DENIED** without prejudice.

2. Plaintiff's motion to compel responses to its October 18, 2024 Discovery Requests is **GRANTED**.

3. Defendant shall respond to Plaintiff's October 18, 2024 Discovery Requests by **May 9, 2025**, failing which the Court may reconsider whether default judgment is appropriate.

4. Defendant shall pay Plaintiff's reasonable costs and attorney fees incurred in bringing this Motion.

5. Plaintiff shall file an itemized bill detailing its costs and fees incurred in bringing this Motion by **April 18, 2025**.

Dated: April 11, 2025                                        *s/ Dulce J. Foster*
                                                             DULCE J. FOSTER
                                                             United States Magistrate Judge